**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | **Case No. 09-40041-01-JAR** |
| **v.** ) | |
| ) | |
| **ADAN MOLINA,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

On April 15, 2009, Defendant Adan Molina was indicted on 49 counts of

methamphetamine trafficking offenses along with nine other defendants; a Superseding

Indictment was filed on April 7, 2010, and contained 63 counts against seven defendants.  In

Count One, Molina was charged with conspiracy to possess with intent to distribute 500 grams

or more of methamphetamine; the Superseding Indictment also included multiple counts of using

a communication facility in committing and facilitating the conspiracy as well as distribution and

possession of methamphetamine, conducting a financial transaction affecting interstate

commerce, attempting to travel from Kansas to Arizona with the intent to promote, manage,

establish and carry on the conspiracy, distribution of methamphetamine, and possession of

firearms by illegal aliens.[1]

On November 1, 2010, a jury trial commenced against Molina and his remaining co-

defendant, Alfonso Rubio-Ayala.[2]  On November 4, 2010, after the Government had presented

---

[1]Doc. 143.

[2]Doc. 284.  Petitioner's other co-defendant, Kelly Rubio, entered a guilty plea the morning trial started.
Doc. 278; co-defendant Rubio-Ayala entered a guilty plea on November 4, 2010, prior to Molina's plea.  Doc. 289.

two days of evidence and testimony, Molina entered a guilty plea to Count One of the

Superseding Indictment charging him with conspiracy to possess with the intent to distribute and

dispense methamphetamine, in violation of 21 U.S.C. § 846.[3]

At the time of Molina's sentencing, the Guidelines as applied to Molina provided for a

base offense level of 38, and adjusted offense level of 43, a criminal history category of I, and a

resulting advisory Guidelines range of life imprisonment.  The Court ultimately sentenced

Molina to life imprisonment.  The Tenth Circuit denied Molina's direct appeal, finding that he

had waived issues regarding calculation of the drug quantity attributable to him and that his

sentence was procedurally and substantively unreasonable, and that his allegation that the

government breached the Plea Agreement was too conclusory to warrant consideration.[4]  Molina

filed a petition for writ of certiorari with the United States Supreme Court, which was denied on

December 5, 2011.[5]  This Court subsequently denied Molina's Motion Under 28 U.S.C. § 2255

to Vacate, Set Aside, or Correct Sentence.[6]

This matter is before the Court on Molina's pro se Motion for Reduction of Sentence

pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 487) in which he asks the Court to reduce his sentence

based on Amendment 782 to the United States Sentencing Guidelines that took effect on

November 1, 2014, and lowers the base offense levels in the Drug Quantity Table.  Molina's pro

se motion was supplemented by the Federal Public Defender's Office, which also filed a

---

[3]Doc. 291.

[4]*United States v. Molina*, 432 F. App'x 744, 747 (10th Cir. 2011) (granting government's motion to dismiss appeal based on appellate waiver in Plea Agreement).

[5]Doc. 435.

[6]Doc. 460.

Memorandum of Law in support of his request (Docs. 491, 492).   Under the amended Guidelines, Molina's base offense level for the same drug quantities is 36 and his adjusted offense level is 42.  With a criminal history category of I, his applicable Guidelines range is now 360 months to life imprisonment.  Molina seeks a reduction of his sentence to 360 months, and the government has filed a response in opposition (Doc. 495).  As explained in detail below, Molina's motion is denied.

Following the Supreme Court's decision in *Dillon v. United States*,[7] the Tenth Circuit has recognized that

> [section] 3582(c)(2) prescribes a two-step inquiry for determining whether a defendant is entitled to have his originally-imposed sentence reduced: the first question, a matter of law, is whether a sentence reduction is even *authorized*; the second question, a matter of discretion, is whether an authorized reduction is in fact *warranted*.[8]

The government does not dispute that a sentence reduction is authorized in this case; thus, only the second question is at issue here.  In determining whether a sentence reduction is warranted, the district court must "consider the § 3553(a) sentencing factors, including the nature, seriousness, and circumstances of the offense, the history and characteristics of the defendant, the need to protect the public from further crimes of the defendant, and any threat to public safety."[9]

When calculating the sentence of life imprisonment for Molina in 2011, the Court overruled various objections he asserted to the Presentence Investigation Report ("PSIR"),

---

[7]560 U.S. 817 (2010).

[8]*United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (emphasis in original).

[9]*United States v. Meridyth*, 573 F. App'x 791, 794 (10th Cir 2014) (citations omitted).

including:  incorporating the $692,000 seized from him into the calculation of drugs; increasing

his base offense level for his leadership role in the conspiracy; and attributing distribution of

marijuana to him and obtaining controlled substances in Arizona that had been imported from

Mexico.  The Court further found that Molina was involved in other transactions involving

shipping firearms to Mexico "to arm his people," supporting a firearm enhancement.

When the Court sentenced Molina to the advisory life sentence, it noted the wide scope

of the drug organization, the sheer volume of drugs involved, and the firearms shipped to

connections in Mexico:

> The defendant has also filed a sentencing memorandum—the
> government has responded—asking the Court to consider a
> sentence, obviously, not life.  The defendant points out that he did
> not agree to be bound by the sentencing Guidelines.  Well, he
> could but the Court considers the Guidelines advisory and always
> has the discretion to vary from the Guidelines.
>
> In this case the Court is not going to vary from the Guidelines
> because in some ways the Guidelines, although to state that
> somebody is looking at life in prison without the possibility of
> parole the gut reaction to that I think is very harsh, but the Court is
> mindful that this was a drug organization that went on for years.
> Mr. Molina only pled guilty to being involved in one year, but
> there's lots of evidence that it went on before that.
>
> But more importantly, this sentencing guideline calculation is
> based on just a small slice, if you will, of the scope of drugs that
> this organization was involved in.  It's based on seizing an amount
> out of a car, disregarding the pattern and practice over a year of
> how much was being distributed to people throughout Kansas,
> disregarding the amount of money that was available to go out and
> buy more in the near future, disregarding the cooperating subjects'
> statements, disregarding Mr. Molina's own admission about how
> much he was buying and with what frequency.  All of that being
> disregarded, the Court finds that this sentencing guideline
> calculation is not overstating the sentence.  It's not more than
> necessary.

4

> When the Court considers the scope of this organization and the
> Court considers that this organization was not only importing and
> selling significant amounts of methamphetamine and other drugs
> as well, but primarily methamphetamine, but this organization was
> also shipping firearms to their drug connections in Mexico and all
> of the dire consequences of that, it doesn't take much of an
> imagination to know that guns being shipped to people that supply
> vast quantities of drugs to people in the United States from
> Mexico, these guns are being used for violent purposes.  For
> protection, for fear, for intimidation, and probably are being fired
> and used to harm people and kill people as well.  That's not
> something Mr. Molina pled guilty to, but that's part of this
> organization.[10]

These findings remain sound and relevant and suggest to the Court that a sentence at the high-end of the new range is appropriate.  Were the Court to reduce his sentence to 360 months, Molina would be approximately fifty-six years old upon release.  Given the nature of the criminal organization and Molina's leadership role in the crimes, the Court rejects his suggestion that crime is a "young man's game" such that he is unlikely to recidivate upon release.

Other facts also support the imposition of a high-end sentence.  The government has proffered facts to indicate that, post-sentencing, Molina obstructed justice in a related criminal case against his brother-in-law, *United States v. Rito Vasquez-Garcia*, D. Kan. No. 10-40014-JTM.[11]  Molina's refusal to testify against Vasquez-Garcia, despite a court order to do so, led to dismissal of the charges against Vasquez-Garcia.

While the Court accepts that a reduction is authorized in this case, it would nonetheless sentence Molina at the high end of the amended Guidelines range of 360 months to life, resulting

---

[10]Doc. 405, Sent. Tr. at 90–95.

[11]*See* U.S.S.G. § 1B1.10, cmt. n.1(B)(iii) (directing that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment").

in a life sentence.[12]  Accordingly, Molina's motion is denied.[13]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Adan Molina's

Motion for Reduction of Sentence (Doc. 487), as supplemented (Doc. 491) is DENIED.

**IT IS SO ORDERED.**

Dated: October 6, 2015

      S/ Julie A. Robinson

     JULIE A. ROBINSON

     UNITED STATES DISTRICT JUDGE

---

[12]*See United States v. Verdin-Garcia*, No. 05-20017-JWL, 2015 WL 4134105, at *1–2 (D. Kan. July 8, 2015) (denying motion to reduce the defendant's sentence from life imprisonment, noting that nature and circumstances of the offense of conviction, including the overwhelming quantities of drugs attributable to defendant, weighed against a reduction); *United States v. Thomas*, No. 2:93-00196-02, 2013 WL 3327917, at *3 (S.D. W.Va. July 1, 2013) (refusing to reduce the defendant's sentence from life imprisonment even where government did not object to a reduction; court noted that nature and circumstances of offense of conviction as well as public safety considerations weighed against a reduction).

[13]In so ruling, the Court acknowledges that it granted a similar request by Molina's co-defendant, Rubio-Ayala, reducing his sentence from life to 360 months' imprisonment.  Doc. 498.  Rubio-Ayala's motion to reduce sentence was unopposed by the government, however, and there is no indication that he was a leader of the organization or that he his post-sentence conduct would justify denial of his request.