IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ADAN MOLINA,

    Defendant.

Case No. 09-40041-01-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Adan Molina's *pro se* Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 526).[1] Molina seeks a reduction of his life sentence on grounds that, if sentenced today, his advisory Guidelines range would be 168 to 210 months' imprisonment. The matter is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court denies Molina's motion.

**I.**     **Background**

On November 4, 2010, Molina entered a guilty plea to Count One of the Superseding Indictment, charging a violation of 21 U.S.C. § 846 for conspiring to possess with the intent to distribute and dispense 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.[2] At the time of sentencing, the Sentencing Guidelines as applied to Molina provided for a base offense level of 38, an adjusted offense level of 43, a criminal history category of I, and a resulting advisory Guidelines range of life imprisonment. The Court

---

[1] Because Molina appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court will not act as his advocate. *Id.*

[2] Doc. 291.

ultimately sentenced Molina to life imprisonment.³ Molina filed a direct appeal, and the Tenth Circuit Court of Appeals granted the government's motion to enforce the appeal waiver within the Plea Agreement, in turn denying Molina's challenge to the imposition of a life sentence.⁴

Molina filed a Motion to Vacate Under 28 U.S.C. § 2255 on September 27, 2012, seeking relief on the grounds that he was denied effective assistance of counsel with respect to his guilty plea and that the government had breached the Plea Agreement by arguing for the leader/organizer and importation offense-level enhancements at his sentencing.⁵ The Court denied Molina's § 2255 motion on December 13, 2013.⁶

Then, on June 11, 2015, Molina brought a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), asking the Court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels in the Drug Quantity Table.⁷ The Court held that under the amended Guidelines, Molina's base offense level for the same drug quantities is 36, and his adjusted offense level is 42, resulting in a reduced Guidelines sentence of 360 months to life.⁸ Nevertheless, the Court held that a sentence of life imprisonment remained appropriate given Molina's role in the conspiracy and his post-sentencing behavior resulting in the obstruction of justice.⁹ The Tenth Circuit affirmed.¹⁰

---

³ Doc. 343.

⁴ 432 F. App'x 744, 747 (10th Cir.), *cert. denied,* 132 S. Ct. 829 (2011).

⁵ Doc. 438.

⁶ Doc. 460.

⁷ Doc. 487.

⁸ Doc. 502 at 3.

⁹ *Id.* at 4–6 (discussing government's proffered facts indicating that, post-sentencing, Molina obstructed justice in a related criminal case against his brother-in-law by refusing to testify despite a court order to do so, leading to dismissal of the charges).

¹⁰ *United States v. Verdin-Garcia*, 824 F.3d 1218, 1222 (10th Cir. 2016).

On April 10, 2023, Molina filed the motion presently before the Court under § 3582(c)(1)(A)(i), asking the Court to reduce his current sentence of life imprisonment.[11]

## II. Legal Standard

"'Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[12] Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[13] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [Bureau of Prisons] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons warrant" a sentence reduction, (2) such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[14] The court may deny a motion for compassionate release "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[15] If the court grants the motion, however, it must address all three steps.[16]

---

[11] Doc. 526.

[12] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[13] Pub. L. No. 115-391, 132 Stat. 5194.

[14] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[15] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[16] *McGee*, 992 F.3d at 1043 (citation omitted).

**III.     Discussion**

    **A.**       **Exhaustion**

Section 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[17] Here, the government concedes that Defendant has met the exhaustion requirement. The Court thus proceeds to the merits.

    **B.**       **Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant the motion. The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[18] While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[19] Thus, § 3582(c)(1)(A)'s consistency requirement does not currently constrain the court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[20] This does not, however, "create an open season for resentencing."[21]

Molina argues that a reduction is warranted based on several recent federal court decisions. First, Molina points to, without discussing, the Supreme Court's decision in *Concepcion v. United States*, which held that district courts could consider intervening changes

---

[17] *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[18] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[19] *Id.* at 832, 836–37.

[20] *Id.* at 837.

[21] *United States v. Hald*, 8 F.4th 932, 938 n.4 (10th Cir. 2021).

of law and fact in re-sentencing proceedings under the First Step Act.[22]  Second, Molina points to the Tenth Circuit's decision in *United States v. Ellis*, which held that the district court erred under *Alleyne v. United States*[23] by sentencing a defendant under the applicable mandatory minimum statute when the jury had not made a specific finding as to the quantity of drugs individually attributable to the defendant.[24]  Finally, Molina points to two federal district court decisions that question the 10-to-1 ratio of pure methamphetamine to a mixture-and-substance containing methamphetamine.[25]

Molina contends that these cases, along with his rehabilitation, family support, and age, constitute extraordinary and compelling reasons to reduce his sentence.[26]  Based on *Ellis*, Molina argues that his sentence should be reduced because if sentenced today, the Court would have to determine the amount of methamphetamine individually attributable to him, which he contends would be only 500 grams because that is the amount he was charged with in the Superseding Indictment.[27]  Molina argues that the base offense level of 38 is no longer accurate, and

---

[22] 142 S. Ct. 2389, 2396 (2022).

[23] 570 U.S. 99, 102 (2013) (holding that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to a jury.").

[24] 868 F.3d 1155, 1169–70 (10th Cir. 2017) (citing *Alleyne*, 570 U.S. at 102).

[25] *See United States v. Ibarra-Sandoval*, 265 F. Supp. 3d 1249 (D.N.M. 2017); *United States v. Robinson*, No. 3:21-CR-14, 2022 WL 17904534 (S.D. Miss. Dec. 23, 2022).  The Sentencing Guideline for methamphetamine is based on the purity of the substance and results in a 10-to-1 ratio for crimes involving methamphetamine actual versus methamphetamine mixture.  *See* U.S.S.G. Manual § 2D1.1(a)(5), (c) & Note (B) to Drug Quantity Table (U.S. Sent'g Comm'n 2021).

[26] The Tenth Circuit has approved arguments for compassionate release when, combined with other factors, a prisoner would have been sentenced differently because Congress later made the relevant sentencing provisions more lenient. *See, e.g.*, *United States v. Maumau*, 993 F.3d 821, 824 (10th Cir. 2021).  While the recent decision in *United States v. Wesley* may apply to Molina's compassionate-release claim because he argues that he would have been sentenced differently today based on post-sentencing developments in the law, *Wesley* makes clear that such relief is only available through a motion brought pursuant to 28 U.S.C. § 2255.  60 F.4th 1277, 1283, 1288 (10th Cir. 2023).  Because the government does not raise this argument, the Court proceeds to analyze Molina's arguments under the applicable § 3582(c)(1)(A) standards for determining whether extraordinary and compelling reasons justify his request for relief.

[27] The Court notes that the Superseding Indictment charged Molina with possession of 500 grams *or more* of methamphetamine—not 500 grams total.  Doc. 291.

calculates his new base level offense as 30 and his adjusted offense level as 35, resulting in a Guidelines range of 168 to 210 months' imprisonment.  Alternatively, Molina argues that if he is responsible for the 1.5 kilograms of methamphetamine actual, application of the 10-to-1 ratio would result in a base offense level of 39, resulting in a Guidelines range of 262 to 327 months' imprisonment.

These arguments are without merit.  Molina was held responsible for over 1.5 kilograms of methamphetamine actual, which corresponded to a base offense level of 38.[28]  While Molina was also responsible for 24.14 kilograms of a mixture-and-substance containing methamphetamine, this amount was trumped by the amount of methamphetamine actual, and did not affect the Guidelines range.[29]  The amount of methamphetamine actual was properly attributed to Molina as relevant conduct, which is permissible under the Sentencing Guidelines.[30]  As the Court previously found, under the amended Guidelines, Molina's base offense level for the same drug quantities is 36.[31]  *Ellis* provides no support for Molina, as the holding there concerned a jury's failure to establish the exact amount of controlled substances individually attributable to the defendant.[32]  Here, there is no question as to the amount of methamphetamine attributable to Molina, and the calculations used to reach that conclusion do not run afoul of the Tenth Circuit's ruling in *Ellis*.

---

[28] Doc. 326 ¶ 47.

[29] *See id.* ¶¶ 41–42.

[30] *See* U.S.S.G. § 1B1.3; *United States v. Frederick*, 897 F.2d 490 (10th Cir. 1990) (holding the standard of proof required to determine appropriate relevant conduct is the preponderance of evidence standard).  Here, Molina's relevant conduct included running a stash house where 2.14 kilograms of methamphetamine actual was located within a vehicle parked at the residence that was under Molina's control.  Doc. 326 ¶¶ 42, 137.

[31] Doc. 502 at 3.

[32] *United States v. Ellis*, 868 F.3d 1155, 1170 (10th Cir. 2017).

Similarly, Molina's argument that the 10-to-1 ratio should apply to his case is also unavailing. While Molina's base offense level was originally calculated at 38 based on 1.5 kilograms of methamphetamine actual that was attributable to him, the same base offense level applied to the amount of mixture-and-substance of methamphetamine.[33] Thus, there was no difference in the base offense level regardless of which way it was calculated.

Finally, while the Court certainly commends Molina on his rehabilitation efforts, it is well settled that rehabilitation alone is not an extraordinary and compelling reason for compassionate release.[34] But even when Molina's rehabilitation efforts are considered alongside his strong family support and age of 43, the Court finds that these are still not sufficiently extraordinary and compelling reasons to reduce a sentence.[35] Consequently, Molina's arguments fall short of establishing extraordinary and compelling reasons for this Court to consider compassionate release.

C.   **Section 3553(a) Factors**

Even if Molina had presented an extraordinary and compelling reason for compassionate release, the factors set forth in § 3553(a) do not warrant a reduction in his sentence.[36] Those

---

[33] *See* U.S.S.G. § 2D1.1(c)(1) (2010); Doc. 326 ¶¶ 41–42, 135–137.

[34] *United States v. Crosby*, No. 09-40049-01-KHV, 2023 WL 1927269, at *3 (D. Kan. Feb. 10, 2023) (citing 28 U.S.C. § 994(t)) ("The government correctly notes that rehabilitation alone is not an extraordinary and compelling reason for relief."); *United States v. Mata-Soto*, No. 08-20160-01-KHV, 2020 WL 5981678, at *4 (D. Kan. Oct. 8, 2020) (noting that the defendant "must show extraordinary and compelling reasons beyond rehabilitation to establish that compassionate release is warranted").

[35] *See, e.g., United States v. Logan*, No. 07-20090-01-KHV, 2022 WL 1102654, at *3 (denying relief for compassionate release on balance despite recognizing that the defendant had completed a large portion of his sentence, made some rehabilitation progress, and had community and family support); *Martinez v. United States*, No. 22-cv-407, 2023 WL 2308261, at *2 (D.N.M. Mar. 1, 2023) (finding that defendant, at age 56, was too young for his age to be an extraordinary and compelling reason for sentence reduction).

[36] *See United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021) ("[Section] 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, [a sentence] reduction . . . is warranted in whole or in part under the particular circumstances of the case." (second and third alterations in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020))).

factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[37]  The Court considers the § 3553(a) factors in light of post-sentencing developments.[38]

While the Court takes all of the § 3553 factors into account, the most pertinent to Molina's case are the nature and circumstances of the offense, his history and characteristics, the need for the sentence imposed to reflect the seriousness of the offense, the need to provide adequate deterrence, and the need to promote respect for the law.  In consideration of these factors, the Court looks no further than its previous decision explaining why it would still impose a life sentence today given Molina's substantial role in the conspiracy and obstruction of justice post-sentencing.[39]

Nothing has changed since that decision to warrant this Court's reconsideration of the § 3553(a) factors.  Molina pled guilty to a serious felony offense.  As noted, the Presentence

---

[37] 18 U.S.C. § 3553(a).

[38] *See United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (Gregory, C.J., concurring) (per curiam) ("[A] district court may [not] fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence.  Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing.") (citation omitted); *see also Pepper v. United States*, 562 U.S. 476, 491 (2011) (stating that evidence of post-sentencing conduct "may be highly relevant" under § 3553(a)); *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

[39] Doc. 502 at 1–6.

Investigation Report attributed over 1.5 kilograms of methamphetamine actual to Molina. His base offense level was enhanced several points for his role in the offense—being the leader and organizer of the drug trafficking conspiracy—as well as for possessing a firearm during the conspiracy. Reducing Molina's sentence by any amount of time would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public. As such, the Court finds that the sentence of life imprisonment originally imposed remains sufficient, but not greater than necessary, to meet the sentencing objectives in § 3553(a) and punish the offense involved. Accordingly, the Court denies Molina's motion for compassionate release because he fails to show extraordinary and compelling reasons warranting a sentence reduction, and the § 3553(a) factors do not support one either.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Adan Molina's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 526) is **denied**.

**IT IS SO ORDERED.**

Dated: October 19, 2023

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE