IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

ADAN MOLINA,

        Defendant.

Case No. 09-40041-01-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Adan Molina's Second Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 538), as well as a Supplement to the Motion to Reduce Sentence (Doc. 544) and a Second Motion to Appoint Counsel (Doc. 543). The motion is fully briefed, and the Court is prepared to rule.[1] As described more fully below, the Court denies Defendant's motion for compassionate release, supplemental motion, and second motion to appoint counsel.

**I.    Background**

On April 7, 2010, Molina and six codefendants were charged in a 63-count Superseding Indictment.[2] Molina was charged with: one count of conspiracy to possess with intent to distribute methamphetamine, four counts of distribution of methamphetamine, one count of money laundering, one count of traveling in interstate commerce to facilitate unlawful activity, 15 counts of using a communication facility to facilitate a drug crime, one count of possession

---

[1] Because Molina appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Doc. 143.

with intent to distribute methamphetamine, one count of possessing a firearm during and in relation to a drug trafficking offense, and one count of illegal alien in possession of firearm.

On November 4, 2010, Molina entered a guilty plea to Count One of the Superseding Indictment, charging a violation of 21 U.S.C. § 846 for conspiring to possess with the intent to distribute and dispense 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. At the time of sentencing, the Sentencing Guidelines as applied to Molina provided for a base offense level of 38, an adjusted offense level of 43, a criminal history category of I, and a resulting advisory Guidelines range of life imprisonment.[3] The Court sentenced Molina to life imprisonment.[4]

Molina filed a direct appeal, and the Tenth Circuit Court of Appeals granted the government's motion to enforce the appeal waiver in the Plea Agreement, which in turn denied Molina's challenge to the imposition of a life sentence.[5]

Molina filed a Motion to Vacate Under 28 U.S.C. § 2255 on September 27, 2012, seeking relief on the grounds that he was denied effective assistance of counsel with respect to his guilty plea and that the government had breached the Plea Agreement by arguing for the leader/organizer and importation offense-level enhancements at his sentencing.[6] The Court denied Molina's § 2255 motion on December 13, 2013.[7]

Then, on June 11, 2015, Molina brought a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), asking the Court to reduce his sentence based on Amendment 782 to the

---

[3] Doc. 326 at 10–12.

[4] Doc. 343.

[5] *United States v. Molina*, 432 F. App'x 744, 747 (10th Cir. 2011).

[6] Doc. 438.

[7] *United States v. Molina*, No. 09-40041-01, 2013 WL 6561252 (D. Kan. Dec. 13, 2013).

2

United States Sentencing Guidelines, which lowered the base offense levels in the Drug Quantity Table.[8]  The Court held that under the amended Guidelines, Molina's base offense level for the same drug quantities is 36, and his adjusted offense level is 42; these levels resulted in a reduced Guidelines sentence of 360 months to life.[9]  Nevertheless, the Court held that a sentence of life imprisonment remained appropriate given Molina's role in the conspiracy and his postsentencing behavior that resulted in the obstruction of justice.[10] The Tenth Circuit affirmed in a consolidated case with Fidencio Verdin-Garcia and Miguel Romero.[11]

On April 10, 2023, Molina filed his first motion for compassionate release under § 3582(c)(1)(A)(i), asking the Court to reduce his sentence of life imprisonment on the grounds that if sentenced today, his guideline range would be 210–262 months.[12]  The Court denied that motion.[13]  The Tenth Circuit affirmed the Court's decision denying Molina's compassionate release motion, holding that the Court did not abuse its discretion in finding no extraordinary and compelling reasons justified relief.  The Circuit held that this Court properly weighed the § 3553 factors in denying a reduction in sentence.[14]

Molina has now filed this second motion for compassionate release under § 3582(c)(1)(A), seeking relief on the sole basis that his life sentence is too long and that courts have begun to reduce the sentences of similarly situated defendants.

---

[8] Doc. 487.

[9] Doc. 502.

[10] *Id.* at 4–6 (discussing government's proffered facts indicating that, post-sentencing, Molina obstructed justice in a related criminal case against his brother-in-law by refusing to testify despite a court order to do so, which lead to dismissal of the charges).

[11] *United States v. Verdin-Garcia*, 824 F.3d 1218, 1222 (10th Cir. 2016).

[12] Doc. 526.

[13] Doc. 530.

[14] *United States v. Molina*, No. 23-3229, 2024 WL 1154393 (10th Cir. Mar. 18, 2024).

**II.     Discussion**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions.' One such exception is contained in § 3582(c)(1)."[15]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[16] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Before reducing a term of imprisonment under the compassionate release provision, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[17]  The Court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[18]  If the Court grants the motion, however, it must address all three steps.[19]

---

[15] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (alteration in original) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[16] Pub. L. No. 115-391, 132 Stat. 5194.

[17] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[18] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[19] *McGee*, 992 F.3d at 1043 (quoting *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021)).

### A. Exhaustion

Exhaustion under § 3582(c)(1)(A) is a mandatory claim-processing rule that the Court must enforce when the government invokes it.[20] Here, the government concedes that Defendant has properly exhausted his claim. The Court thus proceeds to the merits.

### B. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant the motion. The Court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[21] That authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission."[22] Before November 1, 2023, the Sentencing Commission had not issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[23] Thus, § 3582(c)(1)(A)'s consistency requirement did not constrain the Court's discretion to consider whether extraordinary and compelling reasons warranted a sentence reduction.[24]

On November 1, 2023, a new Sentencing Commission policy statement became effective that is "plainly applicable to motions for sentence reduction filed by either the Director of the Bureau of Prisons or a defendant."[25] The policy statement lists grounds that constitute extraordinary and compelling circumstances and provides additional guidance for courts. The listed grounds are medical circumstances, age, family circumstances, the defendant's status as a

---

[20] *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

[21] *United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021).

[22] *Id.*

[23] *See id.*

[24] *Id.* at 836–37.

[25] *United States v. Bradley*, 97 F.4th 1214, 1217 n.1 (10th Cir. 2024).

5

victim of abuse while in custody, "other reasons," and the defendant's serving an "unusually long sentence" where there has been a change in law.[26]  The Sentencing Commission "considered but specifically rejected a requirement that 'other reasons' be similar in nature and consequence to the specified reasons."[27]  Rather, the catch-all provision allows the Court to consider any circumstances that are similar "in gravity" to the listed categories.[28]

Defendant offers as an extraordinary and compelling reason justifying relief in this case that his life sentence is too long a sentence and that courts have begun reducing the sentences of similarly situated defendants.

1. **Unusually Long Sentence**

Molina argues that his life sentence is too long.  There is a basis for reducing an "unusually long sentence," but that basis is not applicable here.  Sentencing Guideline § 1B1.13(b)(6) provides that there are extraordinary and compelling reasons for a sentence reduction where: (a) the defendant received an "unusually long sentence"; (b) he has served at least 10 years; (c) there is "a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)"; (d) "such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed"; and (e) the Court gives "full consideration of the defendant's individualized circumstances."[29]

There has been no further change in the law.  The Court has previously ruled that despite the change in the law that lowered the sentencing guideline range to 42—and consequently a

---

[26] U.S. Sent'g Guidelines Manual § 1B1.13(b) (U.S. Sent'g Comm'n 2024).

[27] *Id.* app. C, amend. 814, at 207 (Reasons for Amendment).

[28] *Id.*; *id.* § 1B1.13(b)(5).

[29] *Id.* § 1B1.13(b)(6).

6

guideline range of 360 months to life— a reduction of Molina's sentence was not warranted for a number of articulated reasons. The Tenth Circuit affirmed this Court's decision and found proper this Court's analysis, conclusions, and weighing of the § 3553(a) factors. The Court declines to reiterate its findings and rationale but adopts and incorporates the same in this order.[30]  Moreover, there has been no change in Molina's individualized circumstances since his first motion for compassionate release. In short, a life sentence in this case is one that provides just punishment, promotes respect for the law, reflects the seriousness of the offense, deters crime, and protects the public.

### III.    Second Motion for Appointment of Counsel

Molina also filed a motion for appointment of counsel "to litigate" this second motion for compassionate release. The Court denies the motion to appoint counsel. There is no constitutional right to counsel after direct appeal.[31] Moreover, in this motion for compassionate release as well as in his first *pro se* motion for compassionate release, Molina has demonstrated that he has the capability of drafting and filing extensive motions, which cite to statutes and case law and provide argument for his motions.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Adan Molina's Second Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 538) and Supplement to the Motion to Reduce Sentence (Doc. 544) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Second Motion to Appoint Counsel (Doc. 543) is **DENIED.**

**IT IS SO ORDERED.**

---

[30] *See* Doc. 530.

[31] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).

Dated: December 3, 2024

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE